UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 3, a national bank,<br><br>Plaintiff,<br><br>v.<br><br>SKYPOINTE UNIT OWNERS' ASSOCIATION, a Nevada corporation; PHAM INDIANA REALTY, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 2:17-cv-01953-RFB-GWF<br><br>**ORDER** |

### I. INTRODUCTION

Before the Court is Plaintiff's Motion for Default Judgment Against Pham Indiana Realty, LLC. ECF No. 28.

### III. FACTUAL BACKGROUND

The Court accepts the following factual allegations from Plaintiff's Complaint, ECF No. 1, and the Affidavit in Support of Default Judgment, ECF No. 28-1.

The real property which is the subject of this civil action is located at 6868 Sky Pointe Drive Unit 1124, Las Vegas, Nevada 89131 (APN: 125-21-213-245). On April 2, 2014, all beneficial interest in the Deed of Trust was assigned to Plaintiff by way of recorded Assignment (document number 20140402-0000019). On May 4, 2015, Plaintiff's prior servicer through a retained law firm paid to Skypoint Unit Owners' Association's attorney the super-priority amount of the Skypoint Unit Owners' Association lien prior to the foreclosure sale.

On or about either July 8, 2015 or August 8, 2015, Skypoint Unit Owners' Association sold the property at public auction to Parcelnomics, LLC for $9,400.00. Parcelnomics conveyed title to Investment Deals on August 24, 2015, and Investment Deals conveyed titled to Defendant Pham Indiana Reality on March 4, 2016.

**II.     PROCEDURAL BACKGROUND**

Plaintiff brought the instant suit against Skypointe Unit Owners' Association and Pham Indiana Realty on July 18, 2017. ECF No. 1. On July 24, 2017, Plaintiff served Defendant Skypointe Unit Owners' Association. ECF No. 6. Because Skypointe Unit Owners' Association did not file a timely response, Plaintiff sought and received an entry of default from the Clerk of the Court. ECF No. 12. However, Skypointe Unit Owners' Association appeared on October 25, 2017, and the Court granted a stipulation to set aside the Clerk's entry of default and to extend time to respond to the complaint. ECF No. 17.

Plaintiff attempted to locate and serve Defendant Pham Indiana Reality on multiple occasions. ECF No. 11. On October 23, 2017, the Court granted Plaintiff permission to serve Pham Indiana Reality by publication. ECF No. 13. Plaintiff served Pham Indiana Reality by publication on October 26, 2017; November 2, 2017; November 9, 2017; and November 22, 2017. ECF No. 24. The Clerk of Court entered default on December 22, 2017. ECF No. 25.

On March 5, 2018, Plaintiff and Skypointe Unit Owners' Association stipulated to dismissal of the claims against Skypointe Unit Owners' Association. ECF No. 27. Plaintiff now moves for default judgment against Pham Indiana Reality, thereby closing this case. ECF No. 28.

**IV.     LEGAL STANDARD**

The granting of a default judgment is a two-step process directed by Federal Rule of Civil Procedure ("Rule") 55. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of

the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471-72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

**V.     DISCUSSION**

The Court finds the Eitel factors favor granting default judgment against Pham Indiana Reality. Pham Indiana Reality has taken no action to defend its rights or interest, if any, to the property. Without Pham Indiana Reality's participation, Plaintiff cannot litigate its claim against it on the merits. Plaintiff has shown that Pham Indiana Reality is no longer a valid corporate entity, as it is in default with the Delaware Secretary of State. Additionally, Plaintiff paid the super-priority amount of the HOA lien to the HOA's agent prior to the foreclosure sale, thereby extinguishing the super-priority portion of the HOA lien prior to the sale. Plaintiff seeks declaratory judgment in relation to the quiet title claim; no amount of money is at stake between Plaintiff and Pham Indiana Reality.

Although the Federal Rules favors deciding cases on the merits, the circumstances suggest that a decision on the merits as to Pham Indiana Reality is not a possibility. The Court therefore grants Plaintiff's Motion for Default Judgment against Pham Indiana Reality, finding that it has no right, title, or interest in the property at issue.

1 **I.     CONCLUSION**

2        **IT IS ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 28) is
3 GRANTED. The Court finds in favor of Plaintiff on its quiet title claim against Defendant Pham
4 Indiana Reality. The Court declares that Plaintiff continues to have a valid and enforceable lien
5 against the property located at 6868 Sky Pointe Drive Unit 1124, Las Vegas, Nevada 89131 (APN:
6 125-21-213-245). The Court declares that Defendant Pham Indiana Reality has no rights, title, or
7 interest in the property located at 6868 Sky Pointe Drive Unit 1124, Las Vegas, Nevada 89131
8 (APN: 125-21-213-245) and never acquired such rights. The Clerk of the Court is instructed to
9 enter judgment in favor of Plaintiff and to close this case.

11        DATED: November 6, 2018.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**